Putnam J.
delivered the opinion of the Court.* If this had been a transaction between the original parties to the notes, their mutual debts would have been extinguished, to the amount specified in the memorandum. But the plaintiff contends that such an effect cannot be ascribed to the agreement which is in evidence ; that Robbins did not sign it as executor; that if he had, it would not have been effectual, as the other executor of Mrs. Smith did not join; that it was a mere promise on the part of Robbins in his private capacity, to apply his debt towards Mrs. Smith’s note, which was not binding upon the co-executrix, but for the breach of which a *381 remedy should he had against Rohbins individually, and not as he was the executor of Mrs. Smith. It is perfectly settled, that where there are two or more executors, the act of one touching the disposition of the goods of the testator, is as valid as the act of all would be. Dyer, 23 b ; Com. Dig. Administration, B 11. One executor may release or discharge a debt due to the estate of the testator, and it shall avail without any act of the others. The interest of the executors is entire. Each has a power over the whole funds. They represent their testator. If the executor should take an obligation in his own name for a debt due to the testator, he shall be equally chargeable as if he had received the money ; for the new security has extinguished the old debt, and is quasi payment. Norden v. Levit, 2 Lev. 189.
Robbins, while he remained one of the executors, had power to take a note to himself in payment of the demand against the estate of Payne. He had power to convert the goods of the testatrix to his own use, being accountable on the settlement of the estate. At the time of this agreement, Robbins thus had the control and disposal of the note of Mrs. Smith against the estate of Payne, and he owed the estate of Payne. If the executor of Payne had given the amount in money into the hands of the executor of Smith, and the latter had repaid the money to the executor of Payne, it is clear that one note would have been extinguished entirely and the other pro tanto. It was to avoid this vain formality, that the agreement was made, to apply the money due from Robbins to Payne, upon the note due from Payne to Robbins’s testatrix. We are all satisfied that this was an agreement executed, and' not executory. It took effect instanter, and its legal operation was k payment on both notes. The executor of Payne was not bound to follow the money, and to see that Robbins appropriated it according to his duty as executor. It was enough to account and pay into the hands of one who was authorized to receive and to discharge the debt; and if that fact had been proved, it would have availed, even if the party receiving had not given any receipt at all.
It is ingeniously asked by the counsel for the plaintiff, may not one for a valuable consideration contract with another to *382 pay a debt which he owes to a third person ? Is not such contract binding ? If A should be indebted to B, and give me the money to pay B, and I promise to do it, am I not answerable to A if I fail to pay the money to B ? Certainly. But in the case at bar the analogy fails, for the want of the third person. The person who received - the money was the same who was legally entitled to compel the payment and to discharge the debt. To make the supposed case analogous, Robbins must act in a double character. He must substitute an official capacity for a third person. The promise would be in this wise : — I, in my personal, individual character, promise A B to pay the money to myself in my capacity of executor, (or to C D and myself as executors, which would not vary the case.) We cannot think that was the intent of the agreement. The defendants treated with Robbins, because he had the right to receive and discharge the debt of the testatrix ; and we think he is not, at his own election, to change the character in which only he had any right to meddle with the estate.
There is no suggestion of fraud or of any collusion between Robbins and the defendants to create a devastavit. The agreement we consider to have been fair and honest; and we think it very clear that the parties to it intended that, to the amount in question, neither should have any demand or action against the other, upon the respective notes therein described.
We are all of opinion that the plaintiff should become non-suit.

 Shaw C. J. did not sit in the case.